IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JACOB TANKERSLY, ON BEHALF OF
HIMSELF AND THOSE SIMILARLY
SITUATED,

        CASE NO.:

    **Plaintiff,**

vs.

LOWE'S HOME CENTERS, INC., A
NORTH CAROLINA CORPORATION,

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACOB TANKERSLY, on behalf of himself and those similarly situated, by and through the undersigned attorney, sues the Defendant, LOWE'S HOME CENTERS, INC., a North Carolina Corporation, and alleges:

1. Plaintiff, JACOB TANKERSLY, was an employee of Defendant, LOWE'S HOME CENTERS, INC., a North Carolina Corporation, and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was a misclassified, salary paid employee performing loss prevention and safety activities within the last three years for Defendant in Marion County, Florida.

3. Defendant, LOWE'S HOME CENTERS, INC., is a North Carolina Corporation that operates and conducts business in, among others, Marion County, Florida and is therefore, within the jurisdiction of this Court.

4. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended

to include each and every misclassified, salary paid employee who worked for Defendant at any time within the past three (3) years.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

6. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendant.

7. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209 because Plaintiff, and those similarly situated employees, were misclassified as exempt employees and performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated employees, for those hours in excess of forty (40) within a work week.

8. During their employment with Defendant, Plaintiff, and those similarly situated employees, were misclassified as exempt employees and were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

9. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

10. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and other similarly situated employees, are in the possession and custody of Defendant.

## RECOVERY OF OVERTIME COMPENSATION

11. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-10 above.

12. Plaintiff, and those similarly situated employees, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendant, Plaintiff, and those similarly situated employees, were misclassified as exempt, worked overtime hours but were not paid time and one-half compensation for same.

13. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated employees, time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated employees, have suffered damages plus incurring reasonable attorneys' fees and costs.

14. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated employees, are entitled to liquidated damages.

15. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JACOB TANKERSLY, on behalf of himself and those similarly situated, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 26th day of March, 2009.

_____
C. Ryan Morgan, Esq.
Florida Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 425-8171
Email:  RMorgan@forthepeople.com
Attorneys for Plaintiff