UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF FLORIDA
Ocala Division

Case No. 5:09-CV-00142-WTH-GRJ

JACOB TANKERSLY, on behalf of himself
and those similarly situated,

     Plaintiff,

v.

LOWE'S HOME CENTERS, INC., a North
Carolina Corporation

     Defendant.

_____/

## ANSWER AND DEFENSES TO COMPLAINT

Defendant Lowe's Home Centers, Inc. ("Lowe's") files this answer and defenses to

Plaintiff's Complaint and states:[1]

1.     Defendant admits that Plaintiff was employed by Lowe's from April 5, 2004

to January 27, 2009, and that Plaintiff purports to bring an action pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 216(b) ("FLSA").  Defendant denies that Plaintiff is entitled to

any relief.

2.     Defendant admits that Plaintiff was employed by Lowe's as a Loss Prevention

Manager in Marion County, Florida, and that he was paid a salary.  Defendant denies the

remaining allegations in Paragraph 2.

---

[1]  All other allegations in the Complaint not specifically admitted to be true are denied.  Lowe's further denies committing any act or omission that would constitute a violation of any applicable law, statute, or regulation for which action in this Court is proper.

3.      Admitted.

4.      Defendant states that Plaintiff purports to bring an action pursuant to the

FLSA and that he purports to bring this action on behalf of others he claims are similarly

situated to himself.  Defendant denies that collective action treatment of this case is

appropriate or that Plaintiff or others similarly situated have any right to the relief requested.

5.      Admitted.  Defendant denies that Plaintiff or others similarly situated have

any right to the relief requested.

6.      Defendant admits that it is an enterprise covered by the FLSA but denies the

remaining allegations in paragraph six.

7.      Denied.

8.      Denied.

9.      Paragraph 9 consists of legal conclusions to which no response is required.

To the extent a response is required, Defendant admits that Plaintiff purports to bring this

action on behalf of others he claims are similarly situated to himself.  Defendant denies that

Plaintiff or others similarly situated have any right to the relief requested.

10.     Defendant admits that, to the extent that they exist, it has in its possession

and/or control relevant documents that relate to hours worked and payments made to Plaintiff

and others similarly situated, but denies the remaining allegations in Paragraph 10.

11.     Defendant incorporates its responses to the allegations contained in

paragraphs 1-10 as if fully restated here.

12.    Paragraph 12 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12.

13.    Denied.

14.    Denied.

15.    Defendant admits that Plaintiff demands a trial by jury.

Defendant denies that Plaintiff or others similarly situated are entitled to any of the forms of relief following the WHEREFORE clause in the Complaint.

## DEFENSES

1.    Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3.    Plaintiff's claims are barred, in whole or in part, by payment and/or accord and satisfaction.

4.    Plaintiff has suffered no damages to warrant recovery in this action.

5.    Plaintiff's claims are subject to setoff, offset, and/or recoupment.

6.    Plaintiff's claims are barred in whole or in part because Plaintiff was employed as an administrative employee.  As such, Plaintiff was exempt from the provisions of the FLSA pursuant to 29 U.S.C. § 213(a)(1), 29 C.F.R. § 541.100, and 29 C.F.R. § 541.200.

7.      Plaintiff's claims are barred in whole or in part because Defendants did not willfully fail to compensate Plaintiff in accordance with the FLSA, and all the alleged actions and/or omissions that Plaintiff complains of (which Defendant denies) were undertaken in good faith, and were based on a reasonable belief of compliance with the FLSA.

8.      Plaintiff's claims are barred in whole or in part because all actions and/or omissions complained of were in good faith conformity with and in reliance on the written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the United States Department of Labor.

9.      Plaintiff's claims for liquidated damages under the FLSA are barred in whole or in part because all actions taken by Defendant concerning Plaintiff were taken in good faith and without malice or reckless indifference or disregard for any of Plaintiff's statutory or common law rights.

10.     Plaintiff's claims fail in whole or in part because any alleged wrongful acts of Defendant's employee(s) were outside the course and scope of employment of such employee(s), were not in furtherance of Defendant's business, and were contrary to Defendant's good faith efforts to comply with all applicable laws.

11.     Plaintiff may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

12.     Some or all of the purported claims in the Complaint are barred because Plaintiff and other individuals described as others similarly situated and/or potential opt-in members are not similarly situated for purposes of a representative action or collective

action.  Accordingly, allegations on behalf of others similarly situated and/or potential opt-in

members should be stricken from the Complaint and/or dismissed.

13.    The purported claims asserted on behalf of similarly situated individuals

and/or potential opt-in plaintiffs, are barred as to those individuals who do not give their

consent in writing to become party plaintiffs and/or whose express written consent is not

filed with the Court.

14.    Some or all of the purported claims in the Complaint are barred because

Plaintiff lacks standing to pursue claims on behalf of any other individuals.  Accordingly,

allegations on behalf of others similarly situated and/or potential opt-in plaintiffs should be

stricken from the Complaint and/or dismissed.

15.    Some or all of the purported claims in the Complaint are barred because this

action is inappropriate for certification as a representative or collective proceeding.

Accordingly, allegations on behalf of others similarly situated and/or potential opt-in

plaintiffs should be stricken from the Complaint and/or dismissed.

16.    Some or all of the purported claims in the Complaint are barred because any

attempt by Plaintiff to present claims on behalf of others in a representative capacity or

without providing Defendant an opportunity to defend against individual claims of others

would violate Defendant's rights to due process under federal and/or state constitutions.

17.    Defendant reserves the right to assert other affirmative and additional defenses

and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering

such action appropriate.

WHEREFORE, Defendant denies any liability to Plaintiff, denies that Plaintiff or others similarly situated are entitled to any relief, and demands that judgment be entered in Defendant's favor and that Defendant be awarded attorneys' fees and costs, as well as any other relief the Court deems equitable and just.

Dated this 13th day of May, 2009.

> Respectfully submitted,
>
> HUNTON & WILLIAMS LLP
> *Counsel for Defendant Lowe's Home Centers, Inc.*
> Mellon Financial Center
> 1111 Brickell Avenue, Suite 2500
> Miami, Florida  33131
> Tel:  (305) 810-2500
> Fax: (305) 810-2460
>
> By: /s/Juan C. Enjamio
>      Juan C. Enjamio
>      Trial Counsel
>        Florida Bar No. 0571910
>        *jenjamio@hunton.com*
>      Grace Mora
>        Florida Bar No.  386601
>        *gmora@hunton.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of May 2009, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: C. Ryan Morgan, Morgan & Morgan, P.A., 20 N. Orange Ave., 16th Floor, Orlando, FL 32802.

> By: /s/ Juan C. Enjamio
>      For Hunton & Williams LLP

- 6 -

23797.000408 EMF_US 27248262v3