## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JACOB TANKERSLEY, ON
BEHALF OF HIMSELF AND THOSE          CASE NO: 5:09-CV-00142-WTH-GRJ
SIMILARLY SITUATED,

        Plaintiff,

vs.

LOWE'S HOME CENTERS, INC., A
NORTH CAROLINA
CORPORATION,

        Defendant.

_____/

## UNOPPOSED MOTION FOR CONDITIONAL CLASS CERTIFICATION AND AUTHORIZATION TO MAIL NOTICE TO POTENTIAL CLASS MEMBERS

Plaintiff, JACOB TANKERSLEY ("Tankersley"), on behalf of himself and those similarly situated, (collectively "Plaintiffs") files this Unopposed Motion For Conditional Class Certification and Authorization to Mail Notice to Potential Class Members ("Unopposed Motion") in this action arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA"). In support of this Unopposed Motion, Tankersley states as follows:

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.     On or about March 30, 2009, Tankersley filed a Complaint and Demand for Jury Trial on behalf of himself and alleged similarly situated individuals under the FLSA. *See* DE 1. Tankersley alleges that during his employment with Defendant as a Loss Prevention Manager he, along with others similarly situated, were not paid overtime compensation at time and one-half their regular rate of pay for all hours worked in excess of 40 in a workweek. *See* DE 1 at ¶¶ 2, 8.

Tankersley seeks to recover unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs.

2.    On or about May 13, 2009, Defendant filed its Answer and Affirmative Defenses, denying therein Plaintiffs' substantive allegations and setting forth affirmative defenses. *See* DE 6. Among other defenses and affirmative defenses, it is Defendant's position that Plaintiffs were, and are, exempt from the FLSA's overtime provisions, and therefore were not, and are not, entitled to recover any overtime compensation, liquidated damages, attorneys' fees, or costs.

## LAW AND ANALYSIS

3.    The FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated. *See* 29 U.S.C. § 216(b). The FLSA provides, in part, as follows:

> An action to recover the liability [for unpaid overtime] . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.*

4.    Trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute. Thus, it lies within the discretion of the trial court to begin its involvement early, at the point of the initial notice, rather than at some later time. *Hoffman- La Roche, Inc. v. Sealing*, 110 S. Ct. 482 (1989). Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action. *Id.* at 487. Additionally, the benefits of the collective action provisions of 29 U.S.C. §216(b) "depend on employees receiving accurate and timely notice concerning the pendency of the

collective action so they can make informed decisions about whether to participate." *Id.* at 486.

5.     The Eleventh Circuit utilizes a two-tiered approach to certification of an opt-in class pursuant to 29 U.S.C. § 216(b).  *See Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir. 2001 ) (stating that the two-tiered approach "appears to be an effective tool for district courts in this circuit adopt it in future cases."). Under this two-tiered approach, the court makes an initial determination, based solely upon the pleadings and any affidavits, whether notice of the action should be given to potential class members. *Id.* at 1218.  Because the court has minimal evidence at this stage of the proceedings, this determination is made using a fairly lenient standard. *Id.*   Thereafter, a second, more rigorous factual determination is made as to whether the potential opt-in plaintiffs are similarly situated.  *Id.*

6.     Here, pursuant to § 216(b) of the FLSA, the parties respectfully move for conditional certification of a class consisting of all Loss Prevention Managers who worked for Defendant in the State of Florida between March 27, 2006 and today.

7.     Lowe's denies any and all liability, and denies that Tankersley or any alleged similarly situated individuals are entitled to any relief.  However, Lowe's does not oppose conditional certification of a class of Loss Prevention Managers in Florida who worked for Defendant in Florida between March 30, 2006 and today.

8.     The parties agree that discovery in this case will be limited to the State of Florida.  With the exception of the Loss Prevention Manager job description and/or job requirement and company-wide policies and procedures that apply to the Loss Prevention

Manager job function, the Plaintiff will not seek documents from, and will not seek interrogatories or admissions regarding stores outside of the State of Florida.

9.     The parties agree that Plaintiff will not depose any employee or representative of Lowe's from outside of the State of Florida, unless Lowe's list the individual as a trial witness, files an affidavit on behalf of that individual, or the individual is a proper Rule 30(b)(6) deponent. .

10.     Plaintiff's counsel agrees that they will not amend and seek to increase the class at any time during the course of the litigation, unless by consent from Lowe's.

11.     Plaintiff will not seek joinder of any potential plaintiff or opt-in who works in any store outside of the State of Florida, unless by consent from Lowe's.

12..     Lowe's does not oppose this motion.  However, by not opposing this motion with the Court, Lowe's is not admitting that collective action treatment is appropriate in this case and reserves the right to move to decertify the class at the appropriate time. Plaintiff agrees that Defendant may move to decertify any conditionally certified class, or to otherwise move to dismiss the instant action in whole or in part, as discovery and this litigation proceeds.

**WHEREFORE**, Tankersley, on behalf of himself and those similarly situated, respectfully requests that the Court issue an Order:

(i)     conditionally certifying a class of Loss Prevention Managers who worked for Lowe's Home Centers, Inc., in Florida between March 30, 2006 and today;

(ii)     directing Defendant to produce to Plaintiff's counsel within fifteen (15) days of the order a list containing the names and last known addresses of all Loss Prevention Managers who worked for Defendant in Florida between March 30, 2006 and today;

(iii)    authorizing Plaintiff's counsel to send a notice, in the form attached hereto as Exhibit A, to all individuals whose names appear on the list produced by Defendant's counsel;

(iv)    providing all individuals whose names appear on the list produced by Defendant's counsel within sixty (60) days from the date of entry of an Order on the instant Motion to file a Notice of Consent to Join, in the form attached hereto as Exhibit B.

Respectfully submitted this 11th day of August, 2009.

| /s/ C. RYAN MORGAN | /s/Juan C. Enjamio |
|---|---|
| C. RYAN MORGAN, ESQ. | Juan C. Enjamio |
| Florida Bar No.:0015527 | Florida Bar No. 0571910 |
| RICHARD B. CELLER, Esq. | *jenjamio@hunton.com* |
| Florida Bar No.: 173370 | Grace Mora |
| MORGAN & MORGAN, P.A. | Florida Bar No. 386601 |
| 20 N. Orange Ave., 4th Floor | *gmora@hunton.com* |
| Orlando, FL 32802-4979 | HUNTON & WILLIAMS LLP |
| Telephone: (407) 420-1414 | Mellon Financial Center |
| Fax: (407) 420-5956 | 1111 Brickell Avenue, Suite 2500 |
| Email: rmorgan@forthepeople.com | Miami, Florida 33131 |
| Email: rceller@forthepeople.com | Tel: (305) 810-2500 |
| **Attorneys for Plaintiffs** | Fax: (305) 810-2460 |
| | **Counsel for Defendant Lowe's Home Centers, Inc.** |