# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JACOB TANKERSLEY, ON
BEHALF OF HIMSELF AND THOSE
SIMILARLY SITUATED,

CASE NO: 5:09-CV-00142-WTH-GRJ

Plaintiff,

vs.

LOWE'S HOME CENTERS, INC., A
NORTH CAROLINA
CORPORATION,

Defendant.
_____/

## NOTICE OF COLLECTIVE ACTION

TO: ALL INDIVIDUALS EMPLOYED AT ANY LOWE'S HOME CENTERS, INC. IN THE STATE OF FLORIDA AT ANY TIME FROM MARCH 30, 2006 TO THE PRESENT WHO HAD THE JOB TITLE "LOSS PREVENTION MANAGER"

### I. INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit in which you may be a member of the Plaintiff class; to advise you of how your rights may be affected by this suit; and to advise you of the procedure for participating in this lawsuit, if you so desire.

### II. DESCRIPTION OF THE LAWSUIT

A lawsuit was filed in the United States District Court for the Middle District of Florida, Ocala Division, by Jacob Tankersley ("Plaintiff"), a former Loss Prevention Manager who worked for Lowe's Home Centers, Inc., ("Lowe's" or "Defendant"), on behalf of himself and those Loss Prevention Managers who are similarly situated. Plaintiff alleges that Lowe's improperly failed to pay him for each overtime hour worked in one or more work weeks during his employment with Lowe's. Specifically, Plaintiff alleges that Lowe's paid him a salary, but failed to pay him overtime compensation for overtime hours worked. Plaintiff maintains that he was misclassified as exempt, and that this unlawfully deprived him of proper overtime compensation due to him under the Fair Labor Standards Act. Lowe's denies these allegations and any liability. Lowe's maintains that Plaintiff and similarly situated Loss Prevention Managers were properly classified as exempt salaried employees and therefore not entitled to

any overtime wages. The case name is JACOB TANKERSLY v. LOWE'S HOME CENTERS, INC., CASE NO.: 5:09-CV-00142-WTH-GRJ.

### III. RIGHT TO PARTICIPATE IN THIS SUIT

The Court has permitted Plaintiff to send Notice to all Loss Preventions Managers who were employed by Lowe's in the State of Florida at any time from March 30, 2006 to the present[1], so that they may be permitted to "opt-in," or join, this lawsuit to assert their legal rights.

The Court has not yet decided whether Lowe's has done anything wrong or whether this case will proceed to trial. Lowe's has denied all liability. However, if you were to prevail in this lawsuit, you would receive monetary compensation if you were not paid for overtime hours worked. You have a choice to assert your legal rights in this case.

| YOUR LEGAL RIGHTS & OPTIONS | |
| --- | --- |
| **Do Nothing** | **Do Nothing. Lose Nothing (except resulting from the passage of time).** By doing nothing, you retain your legal rights to bring a separate suit against LOWE'S HOME CENTERS, INC. (within the applicable statute of limitations period) for alleged unpaid overtime compensation. If money or benefits are later awarded in this case, you will not share in them. |
| **Ask to Be Included** | **Complete Opt-in Consent Form.** By "opting in," you gain the possibility of receiving money or benefits that may result from a trial or settlement, but you give up your right to separately sue LOWE'S HOME CENTERS, INC. for the same legal claims brought in this lawsuit. |
| **Effect of Joining Suit** | If you choose to join this lawsuit, you will be bound by the judgment. While the suit is pending, you may be required to provide information, sit for depositions, and testify in court. You will not be required to pay attorney's fees directly. The Plaintiff's attorneys will receive a part of any money judgment entered in favor of the class. |

---

[1] The Statute of Limitations is 2 years if a non-willful violation of the Fair Labor Standards Act occurred and 3 years if a willful violation is proven.

| Legal Representation if You Join | If you choose to join in the lawsuit, you will be represented by the Representative Plaintiff through his attorneys as counsel for the class. The attorney for the Plaintiff in this collective action is:<br>C. Ryan Morgan, Esquire<br>Morgan & Morgan, P.A.<br>20 N. Orange Avenue, 16th Floor<br>P.O. Box 4979<br>Orlando, FL 32802-4979<br>Telephone: (407) 418-2069<br>Facsimile: (407) 420-5956<br>rmorgan@forthepeople.com |
|---|---|

Your options are included in this Notice. To opt-in, you must complete the enclosed Opt-in Consent Form and mail it to Plaintiff's counsel on or before _____. If you fail to return the Consent Form to Plaintiff's counsel postmarked on or before _____, you will not be a participant in the lawsuit.

## IV.   NO RETALIATION PERMITTED

The law prohibits anyone from discriminating or retaliating against you for taking part in this case. If you believe that you have been penalized, disciplined, punished, threatened, intimidated, or discriminated against in any way as a result of you receiving this notification, you considering whether to complete and submit the Notice of Consent, or you having submitted the Notice of Consent, you may contact Morgan & Morgan, P.A., at the number provided above.

## V.   FURTHER INFORMATION

You may seek further information about the Notice, filing an "Opt-In-Consent" form, or seek answers to other questions concerning this lawsuit by contacting an attorney of your choice, including the attorneys identified above. Please do not contact the court or the clerk's office for information.