IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JACOB TANKERSLEY, ON
BEHALF OF HIMSELF AND THOSE
SIMILARLY SITUATED,

    Plaintiffs,

CASE NO.: 5:09-CV-00142-WTH-GRJ

vs.

LOWE'S HOME CENTERS, INC., a
North Carolina Corporation,

    Defendant.
_____/

## MOTION TO ADD OPT-IN PLAINTIFF

Plaintiff, JACOB TANKERSLEY, on behalf of himself and those similarly situated, moves pursuant to Rule 20 and 29 U.S.C. Section 216(b) to join JUAN CEPEDA as an opt-in plaintiff to this action, and in support thereof, states:

1.    Pursuant to this Court's Order on Plaintiff's Unopposed Motion for Conditional Class Certification and Authorization to Mail Notice to Potential Class Members (Doc 11), the deadline to add parties was October 16, 2009.

2.    Counsel for Plaintiff was contacted on or about November 23, 2009, by Juan Cepeda, who advised that he did not receive the Court-Authorized Notice and Opt-in Consent to Become Party Plaintiff until after the deadline because he had not been receiving his mail due to a separation and pending divorce.

3.    Juan Cepeda has advised the undersigned he wishes to join this lawsuit. Mr. Cepeda is similarly situated to Plaintiff, JACOB TANKERSLEY, in that he was a loss prevention manager for Defendant and similarly classified as exempt and received no

overtime.

4. Plaintiff argues that it would be in the interest of fairness and judicial economy to join Mr. Cepeda to this lawsuit rather than file a separate action in this Court.

## MEMORANDUM OF LAW

5. Under Fed. R. Civ. P. 20, a person may join an action as a plaintiff if they assert any right to relief arising out of the same transaction or occurrence and that any question of law or fact common to all plaintiffs will arise in the action. This is such a case. Plaintiff and Mr. Cepeda were both loss prevention managers for Defendant who assert claims for unpaid overtime due to their alleged misclassification. Common questions of law and fact will arise in this action. In fact, Mr. Cepeda received the Court-Authorized Notice and Consent Form due to the fact that he was similarly situated to Plaintiff. 29 U.S.C. §216(b) states that similarly situated employees must "opt-in" to an action to recover overtime damages. Here, Mr. Cepeda did not receive the Court-Authorized Notice and Consent Form because he was not receiving his mail due to a separation and divorce. It would be just and fair to allow Mr. Cepeda to opt-in to this lawsuit (even if past the deadline) since he did not timely receive notice of this lawsuit. Allowing Mr. Cepeda to opt-in to this lawsuit will also conserve resources of all parties and this Court to include Mr. Cepeda in this suit rather than forcing Mr. Cepeda to file a separate and distinct lawsuit[1].

6. Attached as Exhibit "A" is Mr. Cepeda's executed Opt-In Consent to Become Party Plaintiff form indicating Mr. Cepeda's desire to join this lawsuit.

### 3.01(g) Certification

7. Plaintiffs' counsel certifies that pursuant to Local Rule 3.01(g) he has spoken with counsel for the Defendant who indicated Defendant objects to this motion.

**WHEREFORE,** Plaintiff, JACOB TANKERSLEY, respectfully requests this Court grant this motion and allow Juan Cepeda to opt-in to this lawsuit.

Respectfully submitted this 10th day of December, 2009.

/s/ **C. RYAN MORGAN**
C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
Email: rmorgan@forthepeople.com
Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

IN HEREBY CERTIFY that the above and foregoing has been served to: Juan C. Enjamio, Esquire, Hunton & Williams, LLP, 1111 Brickell Avenue Suite 2500, Miami, Fl 33131; email: jenjamio@hunton.com, using the CM/ECF filing system, which I understand will send a notice of electronic filing this 10th day of December 2009.

/s/ **C. RYAN MORGAN**
C. Ryan Morgan

---

[1] If Mr. Cepeda is forced to file a separate lawsuit, then the possibility of inconsistent judgments is also a factor to consider in allowing Mr. Cepeda to join this lawsuit.